**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 16 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON B. FORREST, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 91A05-1106-CR-324 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITE SUPERIOR COURT
The Honorable Robert B. Mrzlack, Judge
Cause No. 91D01-1011-MR-145

**February 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Jason B. Forrest contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

On November 23, 2010, the State charged Forrest with murder, class A felony burglary, class B felony burglary, and class D felony auto theft. The next day, Forrest gave a detailed videotaped statement to police explaining how he entered Judith Claypool's residence intending to take her car keys and steal her car, how Claypool discovered him inside her residence, how he pushed her to the ground and stabbed her to death, and how he then stole her car. Immediately following his statement, Forrest wrote an apology letter to Claypool's family.

Thereafter, Forrest entered into a plea agreement with the State. On May 6, 2011, Forrest appeared for a guilty plea hearing and pled guilty to murder and class A felony burglary. Pursuant to the terms of the plea agreement, Forrest agreed to a total executed sentence of seventy-six years, and the State agreed to dismiss the remaining charges. During the hearing, Forrest stated that he had read and discussed the plea agreement with his attorney and that he understood the consequences of pleading guilty. Forrest further indicated that he understood the factual basis for his crimes as set out in the charging information and that he admitted the truth of the facts set forth therein. The court found that Forrest's plea was freely and voluntarily given, took the matter under advisement, and set the cause for sentencing.

On the morning of sentencing, June 6, 2011, Forrest filed a motion to withdraw guilty plea. Attached to the motion was an unverified letter written by Forrest on June 2, 2011, indicating that he had lied during all prior proceedings before the court, as well as during his videotaped confession to police. The court held a hearing on the motion to withdraw during which Forrest similarly testified that he had lied about committing the crimes and that he pleaded guilty only because he did not want to receive a life sentence. The trial court denied Forrest's motion to withdraw and sentenced him in accordance with the plea agreement. This appeal followed.

**Discussion and Decision**

Forrest contends that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Motions to withdraw guilty pleas are governed by Indiana Code Section 35-35-1-4. Our standard of review of a trial court's decision on a motion to withdraw can be summarized as follows:

> [W]hether or not to allow a defendant to withdraw a guilty plea is within the sound discretion of the trial court. The trial court may refuse to allow a defendant to withdraw a guilty plea if the defendant fails to show it would result in manifest injustice. The ruling of the court is reviewable only for abuse of discretion. Finally, the reviewing court will presume in favor of the trial court's ruling.

*Hunter v. State*, 676 N.E.2d 14, 18 (Ind. 1996) (citations omitted).

Forrest contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea because he claims that he lied during all the prior plea proceedings before the trial court. However, Forrest placed the trial court in the precarious position to determine whether he lied during his guilty plea proceedings or whether he lied during the

3

motion to withdraw proceedings. The trial court specifically found that Forrest's statements during the guilty plea proceedings were "relaxed, candid, forthright, and spoken without hesitation." Tr. at 52. In contrast, Forrest's statements in his motion to withdraw were "self-serving," "incredible," and "an attempt to manipulate the system." *Id*. at 53. In its discretion, the trial court was free to discredit Forrest's subsequent recantation of his plea, and we will not reassess the trial court's credibility findings. *See Carter v. State*, 739 N.E.2d 126, 130 (Ind. 2000) ("[a]dmissions of guilt and assertions of innocence come in many shades of gray, and the trial judge is best situated to assess the reliability of each").

We note that, on appeal, Forrest fails to make the argument and, consequently, the required showing, that withdrawal of his guilty plea was necessary to correct a manifest injustice. Accordingly, we cannot say that the trial court abused its discretion in denying Forrest's motion to withdraw.

Affirmed.

MAY, J., and BROWN, J., concur.